IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAUSMANN-ALAIN BANET,

    Defendant.

No. CR 12-00715 WHA

**ORDER GRANTING THIRD-PARTY PETITION OF BARRY K. TAGAWA**

    At issue is whether the petition of third-party Barry K. Tagawa should be granted. This is in regards to defendant Hausmann-Alain Banet's forfeited property at Unit 403, 1083 Clay Street, San Francisco, California.

    The background of this matter is set forth in a prior order (Dkt. No. 140). In short, on October 12, 2012, the government recorded a *lis pendens* against Unit 403. On March 13, 2013, Tagawa recorded an abstract of judgment against Unit 403. On October 15, 2013, he filed a petition on behalf of his law office to modify the forfeiture order and recover $32,926.18 from the net proceeds of Unit 403's interlocutory sale. An order dated November 14, 2013 found that the government's *lis pendens* was invalid for failure to record proof of service under Section 405.23 of the California Code of Civil Procedure.

    Under Title 21 of the United States Code, Section 853(n)(6)(B) provides the applicable authority for Tagawa's petition (emphasis added):

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that . . . the petitioner is a bona fide purchaser for value of the right, title,

>or interest in the property and was at the time of purchase *reasonably without cause to believe* that the property was subject to forfeiture under this section . . . the court shall amend the order of forfeiture in accordance with its determination.

At yesterday's hearing, Tagawa submitted that he had no actual notice of Unit 403 being subject to forfeiture when he recorded his abstract of judgment. This is in addition to Tagawa's earlier declaration, in which he stated that he "had no knowledge of the existence of this action and was []reasonably without cause to believe that 1083 Clay Street, Unit 403, San Francisco, CA was subject to forfeiture" (Dkt. No. 136 ¶ 6).

Nonetheless, the government challenges that even if Tagawa lacked actual notice of Unit 403's forfeiture, the invalid *lis pendens* still provided constructive notice, such that Tagawa cannot qualify as a bona fide purchaser who was "reasonably without case to believe that the property was subject to forfeiture." 21 U.S.C. 853(n)(6)(B). For support, the government cites *United States v. Josic*, 1:05CR582, 2008 WL 5234386, *10 (N.D. Ohio Dec. 12, 2008), which concluded that a *lis pendens* invalid under Ohio law still provided a third party with constructive knowledge that a property was subject to forfeiture.

The order finds *Josic* and the reasoning therein unpersuasive. Nor do the government's other cited authorities support its position. For instance, Section 405.60 of the California Code of Civil Procedure does not state that invalid *lis pendens* provide actual or constructive notice, as contended by the government. Rather, Section 405.60 states that *no* actual or constructive notice is provided "upon the withdrawal of a notice of pendency of action" or "upon recordation of a certified copy of an order expunging a notice of pendency of action . . . ."

Accordingly, under Section 853(n)(6)(B), the order finds that Tagawa has met his burden in showing that he was reasonably without cause to know about Unit 403's forfeiture. Tagawa's petition is therefore **GRANTED**. The forfeiture order shall be modified to allow Tagawa's recovery of $32,926.18 from the net proceeds of Unit 403's interlocutory sale.

**IT IS SO ORDERED.**

Dated: December 11, 2013.


WILLIAM ALSUP