MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

PATRICIA J. KENNEY (CABN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6857
    Facsimile: (415) 436-7234
    Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HAUSSMAN-ALAIN BANET,<br><br>    Defendant.<br><br>1083 CLAY STREET CONDOMINIUM OWNERS' ASSOCIATION, INC., U.S. BANK NATIONAL ASSOCIATION, RESIDENTIAL CREDIT SOLUTIONS, LAW OFFICERS OF BARRY K. TAGAWA AND JOHN H. BAUER & AQUA AZUL LLC,<br><br>    Petitioners. | NO. 12-CR-00715 WHA<br><br>**ANCILLARY PROCEEDING**<br><br>STIPULATION AND ORDER OF SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES AND 4 OF THE 5 PETITIONERS RE: UNIT 403 AT 1083 CLAY STREET, SAN FRANCISCO, CALIFORNIA AND ORDER |

The Parties, subject to the Court's approval, stipulate and agree as follows:

1. This is an ancillary proceeding to determine the ownership interests of third party petitioners in Unit 403 at 1083 Clay Street, San Francisco, California (the legal description is attached as Exhibit A) ("Unit 403"). The owner of record of Unit 403 was previously defendant Haussman-Alain Banet until the Court forfeited Unit 403 from him at his August 6, 2013 sentencing as reflected on the amended judgment in this case entered September 11, 2013. The United States now owns the Unit 403.

2. After proper notification was given, five entities came forward and filed timely petitions asserting an ownership interest in Unit 403. Petitioner Residential Credit Solutions ("RCS"); petitioner U.S. Bank National Association ("USCNA"); petitioner 1083 Clay Street Condominium Owner's Association, Inc. ("CSCOA"); petitioner John H. Bauer and Aqua Azul LLC ("Bauer"); and petitioner the Law Office of Barry K. Tagawa. The claimed ownership interest of each is stated in their respective petitions and summarized as follows:

   a. The Bank of New York Mellon aka The Bank of New York, as Trustee for the Certificate holders of SWMBS, Inc., CHL Mortgage Pass-through Trust 2007-16, Mortgage Pass-Through Certificates, Series 2007-16 ("the Investor"), by and through its authorized servicing agent, Residential Credit Solutions, Inc. ("RCS"), claims a secured interest in the property commonly known as 1083 Clay Street, Unit 403, San Francisco, CA. This claim is based on the first mortgage in the original principal amount of $535,500 made to defendant Haussman-Alain Banet ("defendant") on or about August 21, 2007 and secured by a deed of trust recorded in the San Francisco Recorder's Office as Instrument #2007-1441837-00 on or about the same date. The claim includes the unpaid principal balance, the accrued but unpaid interest due and owing on the loan and all corporate advances made by the servicers because of defendant's failure to pay such sums. RCS further claims that the amount owed to it, on behalf of the Investor, will continue to increase by unpaid monthly loan payments, additional possible corporate advances such as real estate taxes, legal and administrative fees, penalties and interest. *See* RCS Petition, filed September 20, 2013.

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA                           1

b.  Petitioner USBNA claims a secured interest in the property commonly known as 1083 Clay Street, Unit 403, San Francisco, CA. The claim is based on its line of credit for $104,500 secured in 2008 by Unit 403, and further claims that the amount owed to it continues to increase by unpaid monthly loan payments, legal and administrative fees, penalties and interest. *See* USBNA Petition, filed August 26, 2013.

c.  Petitioner CSCOA claims a secured interest in the property commonly known as 1083 Clay Street, Unit 403, San Francisco, CA. The claim is based on unpaid homeowners' fees, administrative fees, legal fees, late penalties and interest based on the CC&Rs, and liens filed in May and July 2013 and additional amounts which it claims defendant owes it amounting to $34,385.02 at the time of the filing of the petition, and further claims that the amount owed to it continues to increase by unpaid monthly fees, legal and administrative fees, penalties and interest. *See* CSCOA Petition, filed August 21, 2013.

d.  Petitioner Bauer claims a secured interest in the property commonly known as 1083 Clay Street, Unit 403, San Francisco, CA. The claim is based on an abstract of judgment which Bauer filed on June 20, 2012 against unit 403 for money defendant Banet owed in connection with a lawsuit Banet lost. *See* Bauer Petition, filed October 17, 2013.

e.  Petitioner Law Office of Barry K. Tagawa claims a secured interest in the property commonly known as 1083 Clay Street, Unit 403, San Francisco, CA. The claim is based on an abstract of judgment which petitioner filed on March 13, 2013 against unit 403 for money defendant Banet owed in connection with petitioner's representation of Banet in the same lawsuit that Banet lost to Bauer.

3.  All petitioners, except Petitioner Law Office of Barry K. Tagawa, are parties to this settlement agreement.

4.  After full and open discussion, the United States, Petitioner RCS, Petitioner USBNA, Petitioner CSCOA and Petitioner Bauer (hereafter collectively "the Parties") agree to resolve any and all claims which each petitioner has or could have asserted, whether known or unknown, against Unit 403

in this Settlement Agreement, and it is expressly understood that the Parties have entered into this Settlement Agreement freely and voluntarily. The Parties further agree that the resolution of the claims is solely based on the terms in this Settlement Agreement, and that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Settlement Agreement. This Settlement Agreement shall not be modified or supplemented except in writing signed by the Parties. The Parties have entered into this Settlement Agreement in lieu of continued, protracted litigation and District Court adjudication.

5. The Parties agree, subject to the Court's approval, as part of the Final Order of Forfeiture that the following interest in Unit 403 will be extinguished, unless voluntarily released by the recorder, in order for the United States Marshals Service to be able to convey clear title. Specifically, on or about October 17, 2012, an abstract of judgment was filed with the Recorder in the City and County of San Francisco against Unit 403 in connection with case number CV 12-80239-MISC CW, Instrument #DOC-2012-J433442-00, in the amount of $605,578.70 by Susan Wilken and Susan Wilken Trust, Philip Wilken, LLC. On June 21, 2013, the United States gave notice of the forfeiture of Unit 403, including to Susan Wilkin and the Susan Wilken Trust. *See* Certificate of Service filed on June 21, 2013; Preliminary Order of Forfeiture, filed 13, 2013; Declaration of Publication, filed August 2, 2013. Neither Susan Wilkin nor the Susan Wilken Trust has filed a petition in the ancillary proceeding to assert any ownership interest to Unit 403. *See* docket sheet.

6. The Parties agree that the United States Marshals Service will undertake the sale of Unit 403 as follows:

    a. The United States Marshals Service will proceed with the sale of Unit 403 in its customary way of selling real property;

    b. The petitioners each agree to provide the escrow officer at the title company with a release of their interest in Unit 403 before the closing, in whatever form the escrow officer requests, in order to effect the sale of Unit 403;

///

///

c. The United States agrees to provide to the escrow officer at the title company a release of its *lis pendens* before closing, in whatever form the escrow officer requests, in order to effect the sale of Unit 403;

d. The "net proceeds" of the sale of Unit 403 will be determined by deducting from the gross proceeds of the sale of Unit 403 the customary and usual costs of that sale to the United States Marshals Service as seller of the property (such as real estate commission, recording fees and the like) as well as the costs to the United States Marshals Service of maintaining Unit 403 (such as changing the locks, obtaining an appraisal, obtaining a lien report, homeowner's fees going forward from October 2013 until closing and the like);

e. The escrow officer shall thereafter pay from the net proceeds the agreed upon amounts to each petitioner at closing and the remaining funds, if any, shall be paid to the United States Marshals Service for deposit in the appropriate Treasury account.

7. The Parties have agreed that the petitioners' claims against Unit 403 will be resolved on the following terms, providing that the "net proceeds" are sufficient to pay the following amounts:

a. Petitioner RCS shall receive $6,206.75 to compensate for taxes, $504,202.50 in principal, $41,390.95 in interest through September 10, 2013, and $95/day in interest from September 11, 2013 to the close of escrow;

b. Petitioner USBNA shall receive $100,955.75 in principal and $7.00/day interest from September 26, 2013 to the close of escrow;

c. Petitioner Bauer shall receive $3,836.10 in principal and interest through October 11, 2013 and $1.03/day interest from October 12, 2013 through the close of escrow; and

d. Petitioner CSCOA shall receive $26,610 and commencing in October 2013 the United States Marshals Service shall pay Unit 403's homeowners' fees until the close of escrow at which time the United States Marshals Service will be reimbursed for this expense from the sale proceeds.

8. If there are insufficient funds to pay all petitioners, Petitioner RCS shall be paid in full first; Petitioner USBNA shall be paid next; Petitioner Bauer shall be paid next and petitioner CSCOA shall be paid next. The Parties agree collectively and separately that payment in accordance with this

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA                4

1  agreement is in complete and full satisfaction of any and all claims they have made or could have made,
2  whether known or unknown among the Parties to this Settlement Agreement.
3      The Parties agree the Court has continuing jurisdiction to enforce this Settlement Agreement.
4  IT IS SO STIPULATED:                    MELINDA HAAG
                                            United States Attorney
5     10/28/13

6                                          *signature*
                                            PATRICIA J. KENNEY
7                                          Assistant U.S. Attorney
                                            Attorneys for the United States
8
9                                          WRIGHT, FINLAY, ZAK

10                                         *signature*
                                            RONALD M. ARLAS
11                                         Attorneys for Residential Credit Solutions

12                                         LAW OFFICES OF LES ZIEVE
13                                         _____
14                                         TIMOTHY M. RYAN
                                            Attorney for Petitioner U.S. Bank
15                                         National Association

16                                         LAW OFFICE OF AYAL ABRAMS
17                                         _____
18                                         AYAL ABRAMS
                                            Attorney for Petitioner John H. Bauer and
19                                         Aqua Azul LLC

20                                         CHAPMAN & INTRIERI LLP
21                                         _____
22                                         J. SPENCER EDGETT
                                            NATHANIEL L. DUNN
23                                         Attorneys for Clay Street Condominium
                                            Owners Association
24
25  IT IS SO ORDERED BASED UPON THE FOREGOING STIPULATION ON THIS _____
26  DAY OF _____, 2013.
27                                         _____
                                            HONORABLE WILLIAM ALSUP
28                                         United States District Judge

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA                    5

agreement is in complete and full satisfaction of any and all claims they have made or could have made, whether known or unknown among the Parties to this Settlement Agreement.

The Parties agree the Court has continuing jurisdiction to enforce this Settlement Agreement.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

_____
PATRICIA J. KENNEY
Assistant U.S. Attorney
Attorneys for the United States

WRIGHT, FINLAY, ZAK

_____
RONALD M. ARLAS
Attorneys for Residential Credit Solutions

LAW OFFICES OF LES ZIEVE

_____
TIMOTHY M. RYAN
Attorney for Petitioner U.S. Bank National Association

LAW OFFICE OF AYAL ABRAMS

_____
AYAL ABRAMS
Attorney for Petitioner John H. Bauer and Aqua Azul LLC

CHAPMAN & INTRIERI LLP

_____
J. SPENCER EDGETT
NATHANIEL L. DUNN
Attorneys for Clay Street Condominium Owners Association

IT IS SO ORDERED BASED UPON THE FOREGOING STIPULATION ON THIS _____ DAY OF _____, 2013.

_____
HONORABLE WILLIAM ALSUP
United States District Judge

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA                                5

1  agreement is in complete and full satisfaction of any and all claims they have made or could have made,
2  whether known or unknown among the Parties to this Settlement Agreement.
3  　　The Parties agree the Court has continuing jurisdiction to enforce this Settlement Agreement.
4  IT IS SO STIPULATED:　　　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　　　　　　United States Attorney
5
6  _____
　　　　　　　　　　　　　　　　　　　　　　PATRICIA J. KENNEY
7  　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　　Attorneys for the United States
8
　　　　　　　　　　　　　　　　　　　　　　WRIGHT, FINLAY, ZAK
9
10 _____
　　　　　　　　　　　　　　　　　　　　　　RONALD M. ARLAS
11 　　　　　　　　　　　　　　　　　　　　Attorneys for Residential Credit Solutions
12 　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF LES ZIEVE
13
14 _____
　　　　　　　　　　　　　　　　　　　　　　TIMOTHY M. RYAN
　　　　　　　　　　　　　　　　　　　　　　Attorney for Petitioner U.S. Bank
15 　　　　　　　　　　　　　　　　　　　　National Association
16 　　　　　　　　　　　　　　　　　　　　LAW OFFICE OF AYAL ABRAMS
17
18 _____
　　　　　　　　　　　　　　　　　　　　　　AYAL ABRAMS
　　　　　　　　　　　　　　　　　　　　　　Attorney for Petitioner John H. Bauer and
19 　　　　　　　　　　　　　　　　　　　　Aqua Azul LLC
20 　　　　　　　　　　　　　　　　　　　　CHAPMAN & INTRIERI LLP
21
22 _____
　　　　　　　　　　　　　　　　　　　　　　J. SPENCER EDGETT
　　　　　　　　　　　　　　　　　　　　　　NATHANIEL L. DUNN
23 　　　　　　　　　　　　　　　　　　　　Attorneys for Clay Street Condominium
　　　　　　　　　　　　　　　　　　　　　　Owners Association
24
25 IT IS SO ORDERED BASED UPON THE FOREGOING STIPULATION ON THIS _____
26 DAY OF _____, 2013.
27 　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　HONORABLE WILLIAM ALSUP
28 　　　　　　　　　　　　　　　　　　　　United States District Judge

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA　　　　　　　5

agreement is in complete and full satisfaction of any and all claims they have made or could have made, whether known or unknown among the Parties to this Settlement Agreement.

The Parties agree the Court has continuing jurisdiction to enforce this Settlement Agreement.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

_____
PATRICIA J. KENNEY
Assistant U.S. Attorney
Attorneys for the United States

WRIGHT, FINLAY, ZAK

_____
RONALD M. ARLAS
Attorneys for Residential Credit Solutions

LAW OFFICES OF LES ZIEVE

_____
TIMOTHY M. RYAN
Attorney for Petitioner U.S. Bank National Association

LAW OFFICE OF AYAL ABRAMS

_____
AYAL ABRAMS
Attorney for Petitioner John H. Bauer and Aqua Azul LLC

CHAPMAN & INTRIERI LLP

_____
J. SPENCER EDGETT
NATHANIEL L. DUNN
Attorneys for Clay Street Condominium Owners Association

IT IS SO ORDERED BASED UPON THE FOREGOING STIPULATION ON THIS  11th  DAY OF  December  , 2013.

_____
HONORABLE WILLIAM ALSUP
United States District Judge

SETTLMT. AGRMT. & ORDER
BETWEEN US AND 4 PETITIONERS
NO. 12-CR-00715 WHA                                  5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**RECORDING REQUESTED BY:**
Fidelity National Title Company
Escrow No.: 05-532812-AC
Locate No.: CAFNT0938-0938-0003-0000532812
Title No.: 05-532812-MF

**When Recorded Mail Document and Tax Statement To:**
Mr. Hausmann Banet
1083 Clay Street, #403
San Francisco, CA 94108



San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2005-I078518-00
Acct 11-FIDELITY NATIONAL Title Company
Wednesday, NOV 23, 2005 08:00:00
Ttl Pd $5,178.00　　Nbr-0002884913
REEL J023 IMAGE 0175
ota/TD/1-2

APN: Lot 57, Block 223 (1083 Clay St. #403)

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

The undersigned grantor(s) declare(s)
Documentary transfer tax is $5,168.00
　　[ ] computed on full value of property conveyed, or
　　[ ] computed on full value less value of liens or encumbrances remaining at time of sale,
　　[ ] Unincorporated Area　　City of **San Francisco,**

**FOR A VALUABLE CONSIDERATION,** receipt of which is hereby acknowledged, Andrew R. Lovato and Michelle Balog, husband and wife

**hereby GRANT(S) to** Hausmann Banet, an unmarried man

**the following described real property in the City of San Francisco,** County of San Francisco, State of California:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

DATED: November 2, 2005

STATE OF CALIFORNIA
COUNTY OF San Francisco
ON November 03, 2005　　　　　before me,
the undersigned Notary Public　　personally appeared
Andrew R. Lovato and Michelle Balog

Andrew R. Lovato

Michelle Balog

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature

BETTY NORDEMAN
Commission # 1535913
Notary Public — California
San Mateo County
My Comm. Expires Jan 15, 2009

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

FD-213 (Rev 7/96)
(grant)(08-05)

GRANT DEED

Escrow No.: 05-532812-AC
Locate No.: CAFNT0938-0938-0003-0000532812
Title No.: 05-532812-MF

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN FRANCISCO, COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL A:
Condominium Unit No. 403, Lot No. 57, as shown upon the Condominium Map and diagrammatic floor plan entitled "Map of 1083 Clay Street, a Condominium", which was filed for record on September 21, 1984, in Condominium Map Book 23, at Pages 93 to 97, inclusive, in the Office of the Recorder of the City and County of San Francisco, State of California (referred to herein as the Map), and as further defined in the Declaration of Restrictions for 1083 Clay Street, recorded on October 21, 2002 in Book I-247, Page 0112 and following, Official Records of the City and County of San Francisco, State of California (referred to herein as the Declaration).

Excepting therefrom, any portion of the common area lying within said Unit.

Also excepting therefrom:

(a) Easements through said Unit, appurtenant to the Common Area and all other Units, for support and repair of the common area and all other units.

(b) Easements, appurtenant to the common area for encroachment upon the air space of the Unit by those portions of the common area located within the Unit.

PARCEL B:
An undivided 8.054% interest in and to the Common Area as shown on the Map and defined in the Declaration, excepting therefrom the following:

(a) Exclusive easements, other that those shown in Parcel C herein, as shown on the Map and excepting by Grantor to units for use as defined in the Declaration; and

(b) Non-exclusive easements appurtenant to all units for ingress and egress, support, repair and maintenance.

PARCEL C:
The following easements appurtenant to Parcel A above as set forth and defined in the Declaration:

(a) The exclusive easement to use the Parking area(s) designated as P-10 on the Map.

(b) The exclusive easement to use the Deck area(s) designated as D-403 on the Map.

PARCEL D:
A non-exclusive easement appurtenant to Parcel A above for support, repair and maintenance, and for ingress and egress through the Common Area in accordance with California Civil Code Section 1361(a).

PARCEL E:
Encroachment easements appurtenant to the Unit in accordance with the provisions of the Declaration.

Assessors Parcel No. : Lot 57 (formerly portion of Lot 14), Block 223

Initials: [signature]