IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAUSMAN-ALAIN BANET,

    Defendant.
                                 /

No. CR 12-00715 WHA

**ORDER DENYING SECTION 2255 MOTION**

### INTRODUCTION

Defendant moves *pro se* to vacate, set aside, or correct his conviction, judgment, and sentence under 28 U.S.C. 2255. For the reasons stated below, defendant's motion is **DENIED**.

### STATEMENT

Defendant was indicted on several counts of wire fraud and mail fraud on October 2, 2012. After a bail hearing, defendant was ordered released to a halfway house on a secured bond. Two months later, after an altercation at the halfway house, defendant was remanded into pre-trial custody. After defendant was remanded, his attorney, AFPD Jodi Linker, was relieved as counsel due to a conflict and Attorney Doron Weinberg was appointed as counsel. Defendant then moved to reinstate his previous pre-trial conditions. A hearing was held and when defense counsel stated that he could not come up with security for a bond, defendant was not released and the parties set a trial date (Dkt. Nos. 1, 4, 11, 24, 48, 59; Barton Decl. Exhs. 7, 11, 15).

On May 21, 2013, defendant pled guilty to two counts of wire fraud and two counts of mail fraud. Prior to his guilty plea, defendant and the undersigned judge engaged in a lengthy colloquy about the offense, the plea agreement, and the rights defendant was waiving by

pleading guilty (including the right to appeal his conviction).  On August 6, 2013, in accordance with the terms of the plea agreement, defendant was sentenced to 56 months in custody.

Now, defendant moves for collateral relief under Section 2255.

**ANALYSIS**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. 2255, filed in the court which imposed sentence.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under Section 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Defendant's petition raises ten separate grounds for relief.  While defendant's claims are repetitive and overlapping, they can be separated into three categories:  (1) claims stating that the conditions of his incarceration are unconstitutional; (2) claims relating to his pre-trial detention; and (3) claims asserting that his attorneys were unconstitutionally ineffective.

**1.    CLAIMS RELATING TO CONDITIONS OF INCARCERATION.**

Throughout all of defendant's claims, he argues that the conditions of his incarceration were and are unconstitutional.  He contends that during both his pre-trial detention and post-conviction imprisonment he has been mistreated, left in solitary confinement for too long, shackled during attorney and family visits, not afforded sufficient shower time, and received substandard medical care.  While a Section 2255 petition is "the proper mechanism for a prisoner to challenge the legality or duration of confinement . . . [a] civil rights action, in contrast, is the proper method of challenging conditions of confinement."  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal citations omitted).  None of defendant's claims regarding the conditions of his confinement challenges the duration or legality of his confinement.  Thus, defendant's Section 2255 motion is not the proper avenue for obtaining relief for these claims.

### 2. CLAIMS REGARDING DEFENDANT'S PRE-TRIAL DETENTION.

Defendant claims that one of his bail hearings was heard by a "substitute magistrate judge" who "will state on the record that she did not know anything about the case, but yet, she will sent [him] to jail that day rather than wait for Magistrate Judge Spero or District Magistrate Judge William Alsup to be back on the bench." He also alleges that after the halfway house incident that triggered his remand into pre-trial custody, the halfway house concealed a video of the incident and the "assistant district attorney" provided "coerced fabricated accounts" of the incident. Defendant also claims that the government illegally seized his property (Mot. 16–17, 19–20, 29–30). Defendant fails to state any cognizable claim for relief under Section 2255 because these assertions do not attack the validity of his conviction or sentence. Moreover, as part of his plea agreement, defendant explicitly agreed to forfeit his property (Barton Decl. Exh. 4 at ¶ 11).

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient under the standards of reasonable lawyering, *i.e.*, it "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

As to the first prong, there is a "strong presumption that counsel's performance f[ell] within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Performance will fall outside the range of acceptable professional assistance if it falls below "an objective standard of reasonableness," as determined by the prevailing professional norms. *Strickland*, 466 U.S. at 687–88. To prove prejudice under the second prong, a "reasonable probability" is considered to be a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Where possible, the Supreme Court has recommended analysis of ineffective assistance of counsel claims based on the second prong, stating "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an

3

1  ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be
2  so, that course should be followed." *Id.* at 697.

3  At the end of each of defendant's claims for relief, he states: "Counsel failed to advise
4  on Movant's right to direct appeal or to file any motion, petition, or application. In fact, counsel
5  did not even visit Movant since the day of Movant's sentencing even though Movant had
6  requested for such a visit in order to explore the possibility of direct appeal."

7  Defendant's assertion that he was not aware of the appeal rights he forfeited when
8  pleading guilty is demonstrably false. First, defendant's plea agreement, which he signed, stated
9  the following (Dkt. No. 59 at ¶¶ 3–4):

> 3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of any attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.
>
> 4. I agree to give up my right to appeal my convictions, the judgment, and orders of the Court. I also agree to waive any right I have to appeal any aspect of my sentence, including any orders relating to forfeiture and or restitution.

In addition, at defendant's plea hearing, he engaged in the following colloquy with the undersigned judge (Barton Decl. Exh. 16 at 12–14):

> THE COURT: If you were convicted [at trial], you would have the right to appeal both the verdict, as well as the sentence. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, if you plead guilty under this plea agreement, you will be giving up all of those rights. There will be no trial, no appeals. You would be going straight to guilty, and you would just be stuck with whatever sentence you get. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that what you want to do?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You want to do that, of your own free will?
>
> THE DEFENDANT: Yes.

4

Defendant's sworn statements contradict any claim that he did not understand the appeal rights he was giving up by pleading guilty.

Defendant next asserts that his attorneys were unconstitutionally ineffective because they ignored his complaints about his conditions of confinement during his pre-trial detention. As described above, even if substantiated, this is not a cognizable claim under Section 2255. *See Badea*, 931 F.2d at 574. Defendant also claims that his counsel were ineffective during his bail hearing because he had a "substitute Public Defender." Again, this is not a cognizable claim under Section 2255 because it does not attack the legality or duration of his conviction or sentence.

Lastly, defendant claims that his counsel were ineffective because defendant did not sufficiently understand the charges against him. Defendant states that "the facts pertaining to the money laundering and to the criminal forfeiture were not known to [him] at the time of the indictment and for that matter during the entire criminal proceeding and the entry of the plea" (Mot. 25–26). Again, defendant's assertions contradict his sworn statements at his plea hearing (Barton Decl. Exh. 16 at 5–6):

> THE COURT: Do you understand what the charges are against you?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Have you discussed them with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you gone over with your lawyer all the ways to defend against this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I understand your willingness to plead guilty is the result of discussions between your lawyer and the Government lawyer that led up to this plea agreement. True?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you read the agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you understand it?

5

THE DEFENDANT: Yes.

THE COURT: Did you discuss it with Mr. Weinberg?

THE DEFENDANT: Yes.

THE COURT: And did you sign it?

THE DEFENDANT: Yes.

Thus, defendant's contention that he did not understand the charges against him when he entered his plea are unpersuasive.

## CONCLUSION

For the reasons stated above, defendant's Section 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 3, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE